IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| XIANGYUAN ZHU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 05-2139-KHV |
| ST. FRANCIS HEALTH CENTER, et al., | ) ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

I.  Introduction and Background

On February 6, 2006, the presiding U.S. District Judge, Hon. Kathryn H. Vratil, dismissed the amended complaint of the plaintiff, Xiangyuan ("Sue") Zhu, and sustained in part the motion for sanctions filed by the defendants, St. Francis Health Center and Kennen Thompson, M.D. (*see* doc. 38).  Judge Vratil found that defendants were entitled to their costs, including attorneys' fees, related to filing their motion for sanctions and to filing their brief in opposition to plaintiff's motion to file a second amended complaint.[1]  Judge Vratil directed the parties to follow the procedure set forth in D. Kan. Rule 54.2 and set a schedule for doing so.

Defendants filed a bill of costs on February 10, 2006 (doc. 40), and their statement of consultation and memorandum in support on February 22, 2006 (doc. 46).  Between February

---

[1] Defendants were found not to be entitled to costs of filing an untimely reply brief in support of their motion for sanctions (*see* doc. 38, n.7).

17, 2006 and March 20, 2006, plaintiff filed several motions to alter or amend the judgment (docs. 41, 42, 44, and 47). Judge Vratil overruled all of these motions in substance, but sustained one of them in part to correct a clerical error (docs. 45 and 55).

Plaintiff appealed Judge Vratil's orders (doc. 48). On March 9, 2007, the Tenth Circuit Court of Appeals affirmed the dismissal of plaintiff's amended complaint, but remanded the case to the district court for a final determination regarding attorneys' fees and costs (doc. 57). On March 13, 2007, Judge Vratil referred the case to the undersigned U.S. Magistrate Judge, James P. O'Hara, for report and recommendation regarding the remand on the attorneys' fees (doc. 58). The undersigned has reviewed defendants' statement of consultation (doc. 46) and attached exhibits. Plaintiff has not filed any response, timely or otherwise.

## II.  Applicable Legal Standard

Defendants seek $671.00 in attorneys' fees. To determine reasonable attorneys' fees, the court arrives at a so-called lodestar figure by multiplying the hours counsel reasonably spent on the litigation by a reasonable hourly rate, and then determines whether the lodestar figure is subject to upward or downward adjustment.[2] The party moving for attorneys' fees bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.[3]

---

[2] *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).

[3] *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249-50 (10th Cir. 1998).

III.   Analysis

A.   Reasonable Hours

The first step in calculating the lodestar is to determine the number of hours counsel reasonably spent on the litigation.[4]  As earlier indicated, the burden is on the moving party (here, defendants) to show that the hours claimed are reasonable.[5]  Attorneys normally do not bill all hours expended in litigation to a client, i.e., "an applicant should exercise 'billing judgment' with respect to a claim of the number of hours worked."[6]  To show billing judgment, counsel for defendants should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, and the court has a corresponding obligation to exclude hours not "reasonably expended" from the calculation.[7]

According to defendants' bill of costs (doc. 46-2), the total time billed in conjunction with preparing the motion for sanctions and brief in opposition to plaintiff's motion to file a second amended complaint is 6.2 hours.  The court has reviewed the summary of time presented by counsel and finds that the claimed number of hours is reasonable.

---

[4] *Id.* at 1249.

[5] *Deters v. Equifax Credit Info. Servs., Inc.*, No 96-2212, 1998 WL 12119 at *3 (D. Kan. Jan. 6, 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

[6] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)).

[7] *Id.*

B.     Reasonable Hourly Rates

In setting the hourly rate, "the court should establish, from the information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers in the area in which the court sits calculated as of the time the court awards fees."[8]  A reasonable hourly rate comports with rates "prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation."[9]  "A district judge may turn to her own knowledge of prevailing market rates as well as other indicia of a reasonable market rate."[10]  To determine a reasonable rate, the court focuses on the rates of "lawyers of comparable skill and experience."[11]

Defendants have not provided hourly rates.  Instead, they have provided itemization and description of legal services which show the amount of time spent and total charge for each task (*see* doc. 46-2).  According to that itemization, the total charge for .5 hours of attorney Thomas Theis' time is $81.50, implicitly reflecting an hourly rate of $163.  The total charge for 2.7 hours of paralegal Lori Heckard's time is $199.50, again implicitly reflecting an hourly rate of approximately $74.

---

[8] *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).

[9] *Blum*, 465 U.S. at 896 n.11.

[10] *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994) (citation omitted).

[11] *Ellis*, 163 F.3d at 1204 (citations omitted).

The itemization also shows a charge of $390 for 3 hours of Z. King's time, implicitly reflecting an hourly rate of $130, which *appears* to be for an associate (i.e., relatively inexperienced) attorney. But defendants have not specified whether Z. King is an attorney or paralegal. There is no lawyer of record in this case by the name of Z. King. Nor is there any attorney *currently* admitted to practice law in this court by that name, and no such lawyer is *currently* listed on the website for Mr. Theis' law firm. Accordingly, the court is not in a position to analyze whether this hourly rate of $130 is appropriate and therefore will not consider the amount claimed for this individual. This is unfortunate, because assuming that Z. King is an associate attorney with Mr. Theis' firm, the undersigned would be inclined to find the amount charged for the work done by Z. King to be reasonable, and to include that amount in the court's fee award.

After considering the level of experience and skill of counsel and the undersigned's own knowledge of the prevailing market rates, the court finds that the requested hourly rates for Mr. Theis and Ms. Heckard are reasonable.[12] Indeed, these rates are *very* conservative.

C.      Lodestar Calculation

The lodestar amount is $81.50 for attorney time ($163 x .5 = $81.50) and $199.80 for paralegal time ($74 x 2.7 = $199.80). The court finds that no adjustment of the lodestar

---

[12] *See, e.g., Boilermaker-Blacksmith Nat'l Pension Fund v. ACE Polyethylene Bag Co.*, No. 01-2028, 2002 WL 372868, at *2 (D. Kan. Mar. 7, 2002) (hourly rates of $150 for attorney and $75 for paralegal reasonable).

figure is warranted.[13]  Thus, the undersigned is of the opinion that Judge Vratil should award reasonable attorneys' fees in the amount of $281.30 ($81.50 + $199.80 = $281.30).

## IV.  Notice

Plaintiff is hereby informed that, within ten days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

Copies of this report and recommendation shall be served on counsel of record electronically and shall also be sent to plaintiff, Xiangyuan Zhu, by regular mail and certified mail.

Dated this 18th day of June, 2007, at Kansas City, Kansas.

        s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[13] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983) ("while district court may consider other factors to adjust fee upward or downward, many factors 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'")).