**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **XIANGYUAN ZHU,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 05-2139-KHV** |
| **ST. FRANCIS HEALTH CENTER and** | ) | |
| **KENNEN THOMPSON, M.D.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Xiangyuan Zhu *pro se* brought suit against St. Francis Health Center, Inc. ("St. Francis") and Kennen Thompson, M.D., asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as numerous state law claims.  On February 6, 2006, the Court dismissed plaintiff's amended complaint.  The Court also sustained in part defendants' motion for sanctions, finding that defendants were entitled to attorneys' fees related to filing their motion for sanctions and their brief in opposition to plaintiff's motion to file a second amended complaint.[1]  See Doc. #38.  Plaintiff appealed the Court's orders.  See Doc. #48.

On March 9, 2007, the Tenth Circuit Court of Appeals affirmed the dismissal of plaintiff's amended complaint, but remanded the case for a final determination regarding attorneys' fees and costs.  Zhu v. St. Francis Health Ctr., 215 Fed Appx. 717 (10th Cir. 2007).

---

[1]       The Court directed the parties to follow the procedure set forth in D. Kan. Rule 54.2 and set a schedule for doing so.  Defendants filed a bill of costs on February 10, 2006 (Doc. #40), and a statement of consultation and memorandum in support on February 22, 2006 (Doc. #46).

-1-

On March 13, 2007, the Court referred the case to United States Magistrate Judge James P. O'Hara for report and recommendation regarding the determination of attorneys' fees.  Doc. #58. The magistrate reviewed defendants' statement of consultation and attached exhibits, and noted that plaintiff never filed a response.  The magistrate determined that the Court should award attorneys' fees in the amount of $281.30.  See Report And Recommendation (Doc. #60) filed June 18, 2007. This matter comes before the Court on plaintiff's Motion For Recusal (Doc. #62) filed June 25, 2007 and plaintiff's Objection To Report And Recommendation (Doc. #64) filed July 2, 2007.  For reasons set forth below, the Court finds that plaintiff's motion and objections should be overruled.

## I.    Motion To Recuse

In her motion for recusal, plaintiff asserts that Judge O'Hara and the undersigned judge should recuse because they presided in Zhu v. Countrywide Realty Co., Case No. 00-2290, in which the Court enforced a settlement agreement, and Zhu v. Federal Home Loan Bank of Topeka, Case No. 04-2539, in which the Court dismissed the case with prejudice as a sanction.  Plaintiff contends that Judge O'Hara and the undersigned have expressed opinions which show that they are biased and prejudiced against plaintiff.

Recusal is governed by 28 U.S.C. §§ 144 and 455(a) and (b).  The Court exercises discretion in deciding whether to recuse.  See Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987).  Section 144 provides that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at

which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Plaintiff has not filed a timely affidavit in support of her motion to recuse.  Plaintiff's allegation of bias appears to be based in part on her disagreement with the Court's rulings.  Such allegations are insufficient to require recusal under Section 144.  See Glass v. Pfeffer, 849 F.2d 1261, 1267-68 (10th Cir. 1988).  Plaintiff also cites the Court's statements that "[t]he Court is loathe to call plaintiff a liar, especially in light of her superficial attitude of respect, compliance and confusion and her professed limitations in the English language," Case No. 04-2539, Doc. #474 at 7, and that "[the Court] cannot tolerate conduct which is so clearly calculated . . . to work a fraud upon the Court," id. at 8.  Although express language in judicial rulings may evidence bias or prejudice, this is not such a case.  See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (opinions formed by judge on basis of facts or events in course of proceedings or prior proceedings do not constitute basis for bias or partiality motion unless they display "deep-seated favoritism or antagonism that would make fair judgment impossible").

Likewise, plaintiff has not shown a proper basis for recusal under Section 455(a).  That statute requires a judge to recuse "in any proceeding in which [his or her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The judge's subjective state of mind is irrelevant.  See United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).  The test is objective: "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  Id. (further quotations omitted).  The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court.  See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (duty to sit when no legitimate reason to recuse as strong as duty to recuse

when law and facts require).  Here, plaintiff argues that adverse rulings demonstrate bias, and again points to the Court's statements that plaintiff attempted to work a fraud upon the Court.  Plaintiff, however, alleges no facts which suggest that a reasonable person would question the impartiality of Judge O'Hara or the undersigned judge.  Recusal under Section 455(a) is therefore inappropriate.

Under Section 455(b)(l), a judge must disqualify if he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary fact concerning the proceeding.  The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice.  Cooley, 1 F.3d at 992-93.  Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation.  Hinman, 831 F.2d at 939.  Here, plaintiff again argues that adverse rulings and the language employed therein demonstrate bias.  This is not a sufficient basis for recusal.  See id. at 994.  Further, the undersigned has no personal bias or prejudice against plaintiff.  See Liteky, 510 U.S. at 554-55 (bias and prejudice must come from an extrajudicial source).  Accordingly, the Court finds that recusal is not necessary and proceeds to consider plaintiff's objection to the Magistrate's Report and Recommendation.

## II.     Objection To Report And Recommendation

Under 28 U.S.C. § 636(b)(1), the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  In the Court's de novo review, it must "consider relevant evidence of record and not merely review the magistrate judge's recommendation."  See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995).

The magistrate reviewed defendants' statement of consultation and attached exhibits, and noted that plaintiff did not file a response.  The magistrate recommended that the Court award

attorneys' fees in the amount of $281.30.  See Report And Recommendation (Doc. #60) filed June 18, 2007.  In her objections, plaintiff first asserts that the Court should not award any sanctions because the Court erred when it dismissed her case.  The Court rejects this argument out of hand because the Tenth Circuit has affirmed the dismissal.

Plaintiff also asserts that in determining the amount of monetary sanctions, Judge O'Hara did not address the standard which the Tenth Circuit has articulated.  See White v. Gen. Motors Corp., 908 F.2d 675, 684-85 (10th Cir. 1990).  That standard requires the Court to consider (1) the reasonableness of any attorney fees that are sought, after measuring the fees by a lodestar calculation; (2) the minimum amount necessary to deter the offending party; (3) the offender's ability to pay; (4) other factors which may be appropriate, including the offending party's history, experience and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, and the risk of chilling the type of litigation involved.  Id. at 684-85.

Plaintiff argues that the proposed sanctions are excessive.  She notes that Rule 11 sanctions are intended to punish, and asserts that she did "nothing wrong."  Doc. #64 at 8.  The Court has already determined that plaintiff indeed engaged in sanctionable conduct, and it will not revisit that conclusion.  Plaintiff next asserts that the magistrate did not determine the reasonableness of the fees.  The magistrate, however, properly set forth a detailed analysis of the reasonableness of the fees, and the Court finds that the amount of $281.30 is reasonable.

Plaintiff correctly points out that the magistrate did not expressly address the minimum amount necessary to deter future misconduct or plaintiff's ability to pay.  The Court notes, however, that plaintiff did not participate in the consultation process and did not file any response to defendants' statement of fees.  Plaintiff now asserts that the proposed sanction is excessive given

-5-

that (1) her income in 2006 was $8,000 and (2) $281.30 is equivalent to two months rent. Taking these two assertions as true, the Court finds that $281.30 is a minimal amount needed to deter her from future litigation abuse. As for her ability to pay, plaintiff has not presented evidence that she is unable to pay this sanction. Further, the record contains ample evidence that plaintiff has a history of litigation abuse, considerable experience as a *pro se* litigant, and the ability to articulate her arguments. Finally, the Court is satisfied that the minimal monetary sanction will not chill plaintiff from undertaking litigation of this type. In the circumstances of this case, $281.30 in fees is an appropriate sanction.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Recusal (Doc. #62) filed June 25, 2007 and plaintiff's Objection To Report And Recommendation (Doc. #64) filed July 2, 2007 be and hereby are **OVERRULED**.

**IT IS FURTHER ORDERED** that Court adopts the magistrate judge's report and recommendation, as supplemented by this memorandum and order.

**IT IS FURTHER ORDERED** that no later than August 2, 2007, plaintiff pay defendants $281.30 in fees as a Rule 11 sanction.

Dated this 19th day of July, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge